IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY B. REID,            )
                            )
        Petitioner,         )
                            )
        v.                  )   1:10CV452
                            )
JOHN VAUGHAN,               )
                            )
        Respondent.         )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On January 16, 2008, in the Superior Court of Forsyth County, Petitioner was convicted by a jury of possession with intent to sell and deliver cocaine in case 06 CRS 55442. (Docket Entry 6, Ex. 11 at 93.) He then pled guilty to having attained the status of a habitual felon in case 06 CRS 20432. (Id. at 98.) Petitioner stipulated through his attorney that he had a prior record level score of 16 points, which placed his prior record level under North Carolina's sentencing laws at V. (Id. at 102-03.) The sentencing judge determined that mitigating factors outweighed aggravating factors in the case and then sentenced Petitioner to 100 to 129 months of imprisonment. (Id. at 106.) Attorney Benjamin Porter represented Petitioner at trial.

Petitioner next filed a direct appeal through attorney Reita P. Pendry. The North Carolina Court of Appeals denied the appeal. State v. Reid, No. COA08-575, 2009 WL 368331 (N.C. App. Feb. 17,

2009) (unpublished). Petitioner did not pursue discretionary review from the North Carolina Supreme Court, but instead sought collateral review of his sentence in the state courts by filing a motion for appropriate relief, which he later amended to add a claim. (Docket Entry 6, Exs. 5, 6.) When the trial court denied the motion for appropriate relief (id. Ex. 7), Petitioner requested a writ of certiorari from the North Carolina Court of Appeals (id. Ex. 8). That request was denied. (Docket Entry 10.)

Petitioner then filed his Petition in this Court. Respondent has filed a Motion for Summary Judgment seeking to have the Petition denied. (Docket Entry 5.) Despite notice of his right to file a response, Petitioner has not done so. (Docket Entry 7.)

**Facts**

The basic facts of the case, as set out by the North Carolina Court of Appeals on direct appeal, are as follows:

> Officer D.J. Hege of the Winston-Salem Police Department was on patrol in the area of Woodland Avenue and 14th Street in Winston-Salem on 3 May 2006. While traveling south on Liberty Street he observed a blue Ford Probe traveling in front of him. When the vehicle turned onto 14th Street, Officer Hege was able to identify defendant as the driver. Based upon previous encounters, Officer Hege knew defendant's drivers license had been revoked and, at that point, initiated a traffic stop.
>
> When Officer Hege approached the vehicle, defendant's hands were trembling, he "was very avoiding. Wouldn't want to make eye contact with me. He was extremely nervous." Defendant's actions were in marked contrast to his previous interactions with Officer Hege, and Officer Hege believed defendant's heart was beating vigorously.
>
> Officer Hege requested that defendant step out of the vehicle and consent to a search of his person. Defendant complied and gave his consent. Finding nothing,

> Officer Hege asked if he could search defendant's vehicle. Again, defendant consented. While Officer Hege searched, defendant leaned against a nearby fence. When Officer Hege lifted a pillow from the driver's seat, he found an "off-white type hard chunk substance which [he had] dealt with numerous times in the past." An SBI lab report later determined that it weighed 1.3 grams and was a cocaine base Schedule II controlled substance.
>
> When Officer Hege looked up, after lifting the pillow, he observed defendant jumping the fence and running. At that moment, Corporal L.S. Wright drove up with a trainee. Officer Hege and the trainee chased defendant nearly three hundred yards before they made an arrest.

Reid, 2009 WL 368331, at *1.

### **Petitioner's Claims**

Petitioner raises three possible claims for relief in his Petition. First, he contends his sentence was erroneous due to an incorrect calculation of his prior record level. In this regard, Petitioner points to two potential errors: 1) that his prior conviction in 95 CRS 34570 was counted twice even though it involved only one conviction for breaking and entering and no larceny conviction; and 2) that both of the convictions on lines 10 and 14 of the record level calculation sheet were used to calculate his prior record despite the fact that he incurred both during the same week in the same court. (Docket Entry 2 at 6.)

Petitioner's second claim is one of ineffective assistance of counsel at trial. In Exhibit 2 attached to the Petition, he sets out the following alleged errors by his trial attorney: 1) counsel did not move for a mistrial after a police officer testified that Petitioner could be found in "high drug areas"; 2) counsel did not make enough objections according to a mathematical calculation

devised by Petitioner; 3) counsel did not object when an officer testified that Petitioner consented to the search of his vehicle; 4) counsel never believed that Petitioner was innocent or built "a defense to challenge Petitioner's case"; 5) "counsel ill advised Petitioner to plea[d] guilty as [a] Habitual Felon"; 6) counsel refused to file a motion to suppress; 7) counsel erred in calculating Petitioner's prior record points and in stipulating to 16 points and a prior record level of V; and 8) counsel did not "file any pretrial motions." (Docket Entry 2, Ex. 2.)

Finally, Petitioner's third claim reads: "4th Amendment, illegal search[s] and seizures." (Docket Entry 2 at 9.) He explains this claim by asserting that the case of Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710 (2009), "limits police searches" in a way that affects his case. His argument on this point lacks clarity, but he appears to contend that the officer who initiated the traffic stop of Petitioner had no security or safety basis for searching his vehicle because the officer knew him, was relaxed around him, and did not even handcuff him, and because Petitioner was not within reaching distance of the vehicle at the time of the search. (Docket Entry 2, Ex. 5.)

## Discussion

### Claim One

Petitioner raised the first prong of his two-part challenge to the calculation of his prior record level on direct appeal (Docket Entry 6, Ex. 2 at 17), but the North Carolina Court of Appeals rejected it. Reid, 2009 WL 368331, at *6. That court held that

Petitioner was bound by his attorney's stipulation as to his prior record level and that his sentence was correct under the stipulated record level. Id.

Respondent argues that Petitioner failed to exhaust his state remedies as to this aspect of his first claim, resulting in a procedural bar, because Petitioner did not pursue the claim beyond the North Carolina Court of Appeals by seeking discretionary review from the North Carolina Supreme Court. In order to exhaust his state court remedies, Petitioner must allow "'the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'" by "'"fairly present[ing]" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim.'" Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (citing and quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)) (internal ellipses omitted). He also "must raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)).

Here, Petitioner could have sought discretionary review of his claim under N.C. Gen. Stat. § 7A-31, but did not. This failure makes the first part of his first claim non-exhausted under Jones. Further, any petition for discretionary review had to be filed and served within 15 days of the issuance of the North Carolina Court of Appeals' mandate to the trial court. N.C.R. App. P. 15(b). The mandate issues, unless the Court of Appeals orders otherwise, 20 days after filing of the written opinion. N.C.R. App. P. 32(b).

The Court of Appeals filed its written opinion on February 17, 2009. It contains a statement confirming its non-finality under N.C.R. App. P. 32(b) until the expiration of the 21-day period for seeking rehearing. Taking that 21-day period into account and adding another 15 days to file the petition for discretionary review, the time for Petitioner to seek discretionary review expired on March 25, 2009. As a result, Petitioner can no longer seek discretionary review and his instant claim qualifies as procedurally barred in this Court. O'Sullivan, 526 U.S. at 848.

In light of this procedural bar, Petitioner must demonstrate either cause and prejudice for his procedural default, or must establish that this Court's refusal to address his claims will result in a miscarriage of justice. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004). Petitioner has made no argument on this point and no grounds for excusing the default appear in the record. Therefore, this part of his first claim remains procedurally barred from consideration.

The first half of Petitioner's first claim for relief would also fail even if not procedurally barred. Petitioner claims that he was convicted of only breaking and entering, and not larceny, in case 95 CRS 34570. In fact, Respondent has produced a copy of a judgment in that case showing that Petitioner was convicted of larceny as well. (Docket Entry 6, Ex. 12.) North Carolina sentencing law permits one of the convictions to establish Petitioner's status as a habitual felon and the other to count toward his prior record level even though both convictions occurred

in the same week and in the same court.  State v. Truesdale, 123 N.C. App. 639, 641-42, 473 S.E.2d 670, 671-72 (1996).  The first part of his first claim for relief should also be denied for this reason.

The second portion of Petitioner's first claim for relief alleges that the calculation of his prior record level was flawed because the offenses listed on lines 10 and 14 of the sheet setting out his prior convictions occurred in the same week of court. Respondent also argues that this aspect of Petitioner's claim is procedurally barred.  Although Petitioner did mention the use of two convictions obtained in the same week in portions of his motion for appropriate relief, the arguments appear to relate to other convictions, not the ones listed on lines 10 and 14 of the form in question.  (Docket Entry 2, Ex. 1 (sheet listing prior convictions); Docket Entry 6, Ex. 5 (motion for appropriate relief challenging convictions on lines 5 and 7 of the sheet).) Therefore, this portion of Petitioner's claim stands completely unexhausted.  The procedural bar thus applies because, if Petitioner returned to the state courts to exhaust his unexhausted claims through another motion for appropriate relief, he would face mandatory imposition of the procedural bar under N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b).  See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (noting that § 15A-1419 procedural bars became mandatory in 1996).  Where, as here, a habeas petitioner would find his nonexhausted claims subject to a mandatory procedural bar if he returned to state court for exhaustion, the claims are barred from

federal habeas review.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), for proposition that unexhausted claims are barred from federal review if, upon return to state courts, those courts would find claims procedurally barred).

Again, Petitioner has made no attempt to excuse his procedural default.  Even if he could evade the default, Petitioner could still not prevail.  Petitioner meticulously calculates that his record level score without the larceny conviction in 95 CRS 34570 listed on line 7 of his record sheet and with but one of the convictions listed on lines 10 and 14 would total 14 (two levels below the stipulation at trial).  (Docket Entry 2, Ex. 2.)  The larceny conviction in 95 CRS 34570, which (as discussed above) Petitioner did have, accounts for the difference between Petitioner's calculation and the stipulation; as a result, only one of the two convictions listed on lines 10 and 14 was counted at sentencing.  Moreover, given that Petitioner did have the larceny conviction in 95 CRS 34570, he did have 16 criminal history points even using his own calculations.  No error occurred.  Petitioner's entire first claim for relief should be denied as procedurally barred and, alternatively, on the merits.

### Claim Two

Petitioner's second claim for relief sets out eight allegations of ineffective assistance of counsel at trial. Respondent correctly argues that this claim is also procedurally barred.  Four of Petitioner's ineffective assistance of counsel

allegations were never raised in the state courts at all. These unexhausted claims include: 1) that his attorney did not file a motion for mistrial when an officer testified that he could be found in "high drug areas"; 2) did not make enough objections; 3) did not object when Officer Hege testified that Petitioner consented to the search of his automobile; 4) and did not file a motion to suppress. None of these claims were raised during Petitioner's appeal or in his motion for appropriate relief. As a result, they qualify as nonexhausted and procedurally barred under Rose and Breard. Petitioner again advances no argument in favor of excusing this default.

Petitioner's remaining claims of ineffective assistance by trial counsel are also barred. Respondent concedes that Petitioner did raise these claims in his motion for appropriate relief. (Docket Entry 6 at 11.) However, in denying the motion for appropriate relief, the state court stated that Petitioner could have raised these claims on appeal, but did not. The state court therefore concluded that the claims were procedurally barred under N.C. Gen. Stat. § 15A-1419(a)(3). (Docket Entry 6, Ex. 7.) This determination bars this Court from considering said claims. McCarver v. Lee, 221 F.3d 583, 588-91 (4th Cir. 2000). The state court's alternative denial on the merits does not remove the procedural bar. Harris v. Reed, 489 U.S. 255, 264 n.10 (1989). Nor has Petitioner raised any argument that would excuse his default. Petitioner's entire second claim for relief is procedurally barred.

## Claim Three

Petitioner's third claim asserts a violation of his rights under the Fourth Amendment of the United States Constitution arising from the search of his automobile. This claim fails for several reasons. First, Petitioner could have raised this claim on appeal and his failure to do so results in a procedural bar. Second, the case on which Petitioner relies, Gant, applies only where an officer arresting the occupant of an automobile searches an automobile incident to the arrest. Gant, 129 S.Ct. at 1723-24. In Petitioner's case, the State relied on consent, not authority to search Petitioner's car incident to his arrest. Gant, thus has no application in Petitioner's case. Petitioner's third claim for relief should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be granted, that the Habeas Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                          **United States Magistrate Judge**

March 24, 2011